**Not for Publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JESSE TURANO, et al.,

                Plaintiffs,

v.

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, et al.,

                Defendants.

Civil Action No. 16-2578 (ES) (JAD)

MEMORANDUM OPINION

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's March 31, 2017 Opinion and Order granting Defendants' motion to dismiss. (D.E. No. 23). Defendants opposed Plaintiffs' motion (D.E. No. 25), and Plaintiffs replied (D.E. No. 26).[1] Having considered the parties' submissions in support of and in opposition to the instant motion, the Court decides the motion without oral argument. *See* L. Civ. R. 78.1. For the reasons below, Plaintiffs' motion for reconsideration is DENIED.

    **I.**    **Background**

On March 31, 2017, the Court issued an Opinion and Order granting Defendants' motion to dismiss Plaintiffs' Complaint. (D.E. No. 21 ("Opinion"); D.E No. 22 ("Order") (together, the "March 2017 decision")). As the Court already set forth the factual background in its prior Opinion, the Court incorporates those facts here. On April 12, 2017, Plaintiffs filed a motion for reconsideration with respect to the Court's March 2017 decision. (D.E. No. 23-4 ("Motion")).

---

[1] A reply is not permitted on a motion for reconsideration without permission from the Court. *See* L. Civ. R. 7.1(d)(3). Although the Court will consider Plaintiffs' reply, it cautions counsel that the Court will disregard any future filings that do not comport with this District's Local Civil Rules.

## II. Legal Standard

In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

## III. Discussion

Plaintiffs make no claim that there was an intervening change in the controlling law or that evidence that was not previously available has become available. (*See generally* Motion). Plaintiffs instead ask the Court to reconsider its March 2017 decision dismissing *without prejudice* Plaintiffs' First Amendment claim on the grounds that the claim "was dismissed contrary to established Supreme Court precedent and is clearly erroneous." (*Id.* at 1). Plaintiffs' Motion appears to rest on the position that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Generally, this means that the Court overlooked some dispositive

factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i); s*ee also Rose v. Alternative Ins. Works, LLC*, No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007).

Plaintiffs, however, fail to show a need to correct a clear error of law or to prevent manifest injustice. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Indeed, the Court's Opinion addresses most of the "established Supreme Court precedent" on which Plaintiffs currently rely.[2] And the Court's interpretation of *Heffernan v. City of Paterson*, which Plaintiffs argue is incorrect, appears to be consistent with Plaintiffs' proposed interpretation in their instant Motion.[3] Similarly, Plaintiffs' view on establishing a defendant's motive also appears to be consistent with the Court's March 2017 decision.[4] Rather, Plaintiffs' argument is based on their personal disagreement with the Court's *application* of established precedent to the facts alleged in the Complaint. But that is not an appropriate basis for a motion for reconsideration, as such disagreement should be raised through the appellate process. *See Smart v. Aramark Inc.*, No. 14-3007, 2014 WL 4053961, at *6 (D.N.J. Aug. 15, 2015). Moreover, Plaintiffs already presented all of their substantive assertions

---

[2] (*See, e.g.*, Opinion at 11-12, 15 (discussing *Elrod v. Burns*, 427 U.S. 347 (1976)); *id.* at 10, 15 (discussing *Heffernan v. City of Paterson*, 136 S. Ct. 1412 (2016)); *id.* at 12, 14-15 (discussing *Rutan v. Republican Party of Ill.*, 497 U.S. 62 (1990)); *id.* at 12-13 (discussing *Branti v. Finkel*, 445 U.S. 507 (1980))).

[3] (*Compare* Opinion at 10 ("Generally, the First Amendment prohibits public employers from taking adverse action against an employee because of an employee's actual or perceived engagement in constitutionally protected political activity.") (citing *Heffernan*, 136 S. Ct. at 1419)), *with* Motion at 10 ("In *Heffernan v. City of Paterson*, the Supreme Court a year ago found that First Amendment association claims can be premised on the perceptions of the government employer, even if said perceptions were not accurate."), *id.* at 2 ("Most recently, in *Heffernan v. City of Paterson*, the Supreme Court held that the Plaintiff need not have engaged in protected activity to be protected by the First Amendment, as long as the government's employment decision is motivated by political patronage."), *and id.* at 10 ("Further, and critically, Plaintiff need not even show that he actually was unassociated or associated with a certain political figure in order to be protected, as long as [D]efendants perceived as such.")).

[4] (*Compare* Motion at 2 ("Most recently, in *Heffernan v. City of Paterson*, the Supreme Court held that the Plaintiff need not have engaged in protected activity to be protected by the First Amendment, as long as the government's employment decision is motivated by political patronage."), *id.* at 11 ("In a word, it was the employer's motive, and in particular the facts as the employer reasonably understood them, that mattered.") (citing *Heffernan*, 136 S. Ct. at 1418)), *and id.* at 1-2 ("The Supreme Court has repeatedly held that the First Amendment prohibits intentionally or even 'incidentally' creating a system where political patronage is used as a motivating factor in making employment decisions."), *with* Opinion at 11 (noting that "to establish a prima facie claim of discrimination based on political patronage in violation of the First Amendment[,] a plaintiff must show that . . . this [constitutionally protected] conduct was a substantial or motivating factor in the [public employer's] employment decision.") (citation omitted))).

3

in the underlying motion. Plaintiffs, therefore, have failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction. Accordingly, Plaintiffs' Motion is denied.

**IV.     Conclusion**

For the reasons set forth above, Plaintiffs' Motion is DENIED. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
